UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 11-20047

    HONORABLE DENISE PAGE HOOD

ISAAC JERMAINE MOORE,

    Defendant.

_____/

## ORDER DENYING MOTION FOR REVIEW OF DETENTION

**I.    BACKGROUND**

This matter was initiated by a Complaint on May 11, 2010. An arrest warrant was issued on the same date. Defendant Isaac Jermaine Moore did not appear before the Magistrate Judge for his initial appearance until January 14, 2011. After a detention hearing on January 18, 2011, the Magistrate Judge ordered Moore detained. The Magistrate Judge found Moore is a flight risk, with a history of failure to appear, and several capiases issued. On February 1, 2011, the Grand Jury issued an Indictment against Moore for a one-count felon in possession of firearm charge, in violation of 18 U.S.C. § 922(g)(1) and a forfeiture claim. Detention was continued. On March 31, 2011, Moore filed the instant Motion to Review Order of Detention. The Government filed a response to the motion. A hearing was held on the matter and the Court ruled on the record denying Moore's request for bond pending trial.

**II.    ANALYSIS**

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *U.S. v. Jones*, 804

F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Addressing the factors below:

(1) As to the nature and circumstances of the offense charged–the felon in possession charge is punishable by up to 10 years in prison.

(2) As to the weight of the evidence against the person–the Indictment establishes probable cause for the offense. *Hazime,* at 37.

(3) As to the history and characteristics of the person–the record of the detention hearing shows Moore has convictions of a delivery of controlled substance in 1999, a domestic violence charge in 2005, a drunk driving charge in 2002 and at the time of the detention hearing, was awaiting sentencing on a domestic violence charge in Wayne County. (Tr., p. 6) There are also bench warrants issued for failure to appear, although defense counsel argued before the Magistrate Judge that once issued, they were set aside when Moore later appeared. It was noted that Moore was approved for a tether for his Wayne County domestic violence charge. The Government responded

that Moore has numerous convictions, at least five, including a felony assault in 1996. The Government notes four probation violations and three arrests in 2000, 2004 and 2010 for domestic violence involving firearms, although these arrests did not result in convictions. (Tr., pp. 7-8) The Government also notes there are three warrants, including three aliases, with five different dates of birth. (Tr., p. 9) There is no history of employment since 2005 and the only evidence, argued by the Government, as to income is selling firearms. (Tr., p. 9)

(4) As to the nature and seriousness of the danger posed by the person's release–the charge is felon in possession of a firearm. The Government has a video showing that Moore sold a firearm to an undercover police officer. The Government argues that selling arms is dangerous. Additionally, Moore has history of domestic violence resulting in arrests and a conviction. Moore also had pending a domestic violence charge. Attached to Moore's motion are notes from two of his children's mothers (Taya Moore and Michelle Brookens) asking for Moore's release. Moore is a danger to the community and to those close to him.

(5) As to risk of flight–the Magistrate Judge found that there is a risk of flight given that there is history of failure to appear for sentencing in a 1999 controlled substance charge. The Magistrate Judge noted a capias was issued. Although he received probation, Moore violated probation on a few occasions. The Magistrate Judge noted the 2005 assault felonies which were pled down to misdemeanor domestic violence, the same plea he currently has pending before the Wayne County Circuit Court. The Magistrate Judge then noted that a capias was issued again for failure to appear a second time and then a third failure to appear. Based on Moore's history of failing to appear and failing to abide by probation conditions, Moore is considered a risk of flight.

**III.   CONCLUSION**

For the reasons set forth above and on the record,

IT IS ORDERED that Defendant Moore's Motion to Review Order of Detention (**No. 29, 3/31/2011**) is DENIED.

                                               s/Denise Page Hood
                                               Denise Page Hood
                                               United States District Judge

Dated:  June 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2011, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                               Case Manager